FILED

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Orlando Division

2011 FEB -9 AM 10: 28

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| **CAROLYN GREGERSEN**<br>Plaintiff, | CASE NO.:<br>6:11-cv-210-ORL-19DAB<br>**COMPLAINT** |
| vs. | **JURY TRIAL DEMANDED** |
| **ROLFE & LOBELLO, P.A.,**<br>Defendant.<br>_____/ | |

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action is for statutory damages which arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and Florida Consumer Collections Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here, and Defendant transacts business here.

### PARTIES

4. Plaintiff, CAROLYN GREGERSEN, (hereinafter "Plaintiff"), is a natural person who resides in the City of Palm Bay, County of Brevard, State of Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3), and a "consumer" and "debtor" within the meaning of Fla. Stat.§ 559.55(2).

5. Defendant ROLFE & LOBELLO, P.A. (hereinafter "Defendant"), is a business entity which upon information and belief is authorized to do and doing business in the State of Florida, and is in the business of collecting debts, and a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

### FACTUAL ALLEGATIONS

6. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

7. Defendant regularly uses the mails and other instrumentalities of interstate commerce in the collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

8. On March 13, 2010, the Defendant by and through its employees, contacted plaintiff by telephone concerning the alleged debt.

9. On March 13, 2010, the Defendant left a message on Plaintiff's answering machine which only gave the name of Defendant's employee's name, the law firm name, a phone number to call, a "case" number, and directions to have plaintiff call that number.

10. Defendant's message left on Plaintiff's answering machine failed to disclose that the message was from a debt collector.

11. On March 13, 2010, Plaintiff, through counsel contacted the Defendant by telephone advising Defendant that Plaintiff was represented by attorney.

12. Defendant's employee was provided with Plaintiff's counsels name, address and telephone number and advised to cease and desist all direct communication with Plaintiff directly.

13, Immediat.ly following the phone conversation, on March 13, 2010, Plaintiff, through counsel, faxed and mailed a letter to Defendant advising them that Plaintiff was represented by attorney.

14. After being notified that Plaintiff was represented by counsel, Defendant, through its employees, communicated with plaintiff directly, without the prior consent of plaintiff, plaintiff's attorney, or the express permission of a court of competent jurisdiction, with respect to a debt.

## COUNT I
## 15 U.S.C. § 1692c(a)(2)

15. Plaintiff realleges and incorporates by 1-14 as if fully set out herein.

16. Defendant communicated with plaintiff directly even though defendant knew plaintiff was represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2). 17. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

## COUNT II
## 15 U.S.C. § 1692e

17. Plaintiff realleges and incorporates by paragraphs 1-14 as if fully set out herein.

18. Defendants' direct communications with plaintiff is to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

19. Section § 1692e of the FDCPA states that: "A debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

20. Defendant violated § 1692e by mischaracterizing the nature of the debt.

21. The Defendant's message left on Plaintiff's answering machine stated the communication was from the "attorney Rolfe and Lobello, PA in Jacksonville Florida" and that her "case number is 20100483."

22. The message left by Defendant had such language that is likely to confuse the least sophisticated consumer as the actual status of the debt.

23. Plaintiff interpreted Defendant's message to mean that litigation was initiated on this debt and litigation has been pending,

24. Defendant therefore violated the FDCPA by falsely suggesting that plaintiff was being sued on the debt, where in fact defendant did not and had no such intentions of suing at that time; as a result, Defendant is liable to Plaintiff for statutory damages along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III
## 15 U.S.C. § 1692e(11)

25. Plaintiff realleges and incorporates by reference paragraphs 1-14 as if fully set out herein.

26. Defendants various communications, including the message left on Plaintiff's answering machine, did not convey the information required by 15 U.S.C. § 1692e(11).

27. Defendant's violation of § 1692e(11) renders it liable for damages, costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

## COUNT IV
## F.S.A. § 559.72

28. Plaintiff realleges and incorporates by reference paragraphs 1-14 as if fully set out herein.

29. In connection with the subject debt, Defendant willfully communicating with Plaintiff, despite prior notice from both Plaintiff and Plaintiff's attorney of representation and which defendants had knowledge of such attorney's name and address, in violation of Fla. Stat. § 559.72(18).

30. As a result of the above violation, Defendant is liable to Plaintiff for statutory damages, along with the attorney's fees and the costs of litigation.

## DEMAND FOR JURY TRIAL

31. Plaintiff demands trial by jury on all issues so triable.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief pursuant to 15 U.S.C. § 1692k and Fla. Stat. § 559.77:

    a. Statutory damages;

    b. Costs and reasonable attorney fees; and

    c. Such other and further relief as may be necessary, just, and proper.

Respectfully submitted this 8th day of February 2011.

/s/ Christine S. Hansley
Christine S. Hansley, Esq.
Fla. Bar No. 732151

C.S. Hansley Law Firm, LLC.
283 Cranes Roost Boulevard, Suite 111
Altamonte Springs, FL 32701
Telephone: (407) 215-7583
Facsimile: (407) 567-7630
Attorney for Plaintiff, Carolyn Gregersen
Cshlaw4u@aol.com